UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ALFONZIA JORDAN, JR., | ) | CASE NO. 1:16 CV 3014 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On December 16, 2016, Plaintiff *pro se* Alfonzia Jordan Jr., an inmate at the Cuyahoga County Jail, filed this *42* U.S.C. § 1983 action against Defendants State of Ohio and the State of Ohio Bureau of Criminal Investigation. Plaintiff alleges in the Complaint that he was acquitted of rape charges after it was revealed in his criminal trial that there was not DNA evidence linking him to the crimes. He asserts his right to a speedy trial was denied.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The

plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudette*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

Even construing the Complaint liberally in a light most favorable to the Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid federal claim. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Further, States are not "persons" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

Accordingly, this action is dismissed under section 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                    s/*Dan Aaron Polster*    12/29/2016
                                    DAN AARON POLSTER
                                    UNITED STATES DISTRICT JUDGE